Dear Captain Buczek:
This office is in receipt of your request for an opinion of the Attorney General regarding the responsibility for custody of an arrestee who is in need of medical treatment.
You have indicated that the sheriff's office has taken the position that the custody of an arrestee is not its responsibility until the arrestee is delivered to the parish booking facility or to the prison ward in Charity Hospital.
You have also indicated that the sheriff has refused to guard a person confined to any other place than Charity Hospital prison ward, which is limited to ten beds, and in which space is allotted based on the degree of security risk.
According to your letter, the New Orleans Police Department currently assigns a police officer to guard injured arrestees who are confined to the hospital until the arrestee is well enough to be delivered to Central Lock-up for booking or until a bed becomes available in the prison ward at Charity Hospital. Additionally, the police officer is utilized to escort arrestees from the prison ward into the hospital treatment area.
Based upon the factual situation as described above, you asked the following questions:
 1. Who has the legal responsibility for the custody of an injured arrestee who is confined to a hospital prior to booking?
 2. If the Sheriff's Office is responsible but cannot or will not take custody of the arrested person, what is the Police Department's obligation?
 3. If the Police Department is responsible, what are the requirements of this responsibility? Is an around-the-clock guard detail necessary, or are there other ways for the obligations to be met?
 4. If the Police Department is responsible, at what point does the Sheriff's Office become responsible? If a person may be booked in absentia, is the Sheriff's Office thereafter responsible? If the charges are accepted prior to booking, the case is allotted to a Criminal Court Section, and a capias is issued, is the Sheriff then responsible for custody?
In response to your first question which concerned the legal responsibility for custody of an injured arrestee who is confined to the hospital prior to booking, under La. C.Cr.P. art. 228, it is the duty of every peace officer making an arrest to "promptly conduct the person arrested to the nearest jail or police station and cause him to be booked." The arresting officer maintains custody until the booking procedure is accomplished at which point the sheriff assumes custody.
In Attorney General Opinion (A.G.O.) No. 89-234 this office said that the "sheriff, as keeper of the public jail of the parish, must accept, for incarceration, all persons charged with the criminal violation of a state statute, whether the offense be for a felony or a misdemeanor."
For prisoners charged with violating municipal or parish ordinances, however, the sheriff is under no obligation to incarcerate them in the parish jail in the absence of a contract between the police jury and a municipality.
In A.G.O. No. 91-412, this office stated that R.S. 33:4715
requires that the police jury provide a good and sufficient jail and that for prisoners requiring hospitalization, the hospital becomes an extension of the prison. We also said that the expense of providing security for prisoners confined in a hospital, being incidental to the hospitalization, should be borne by the police jury.
It is the opinion of this office that booking may be accomplished and the transfer of custody from the arresting agency to the sheriff may take place despite the hospitalization of the arrestee. This opinion is based on the rationale behind the booking statute as provided in the official comments to La. C.Cr.P. art. 228, which is to provide protection against secret arrests and to allow communication with counsel and friends. (If the arrestee's condition is such that he cannot communicate the necessary information for booking, it would appear he can be booked as a "John Doe".)
Therefore, the arresting officer has responsibility for custody of an injured arrestee prior to booking. However, booking may be accomplished in the hospital and custody transferred immediately thereupon, to the sheriff as he must accept responsibility for an arrestee presented to him for incarceration.
Based on the aforementioned opinions, it is the opinion of this office that because the sheriff must accept all persons charged with the criminal violation of state statutes, the sheriff is obligated to accept custody of a hospitalized arrestee.
Your second question concerned the extent of the police department's responsibility if the sheriff's office cannot or will not take custody of an arrestee.
In A.G.O. No. 80-39, this office said that the governing body of the parish where the crime was committed is responsible for the payment of expenses involved in the care and security of hospitalized prisoners when the crime the prisoner is charged with is in violation of state law, regardless of which law enforcement agency issues the arrest warrant.
The opinion made clear that if the municipal police bring offenders at the time of arrest to the parish jail for booking, the sheriff, by law, must accept them into his custody. The simple presentation for booking of a prisoner charged or convicted of a state offense is the predicate event which triggers the sheriff's duty.
A.G.O. No. 78-169 states that it is the responsibility of the parish government to care for prisoners charged with a violation of state law. Also, A.G.O. No. 78-1599 states that parish governing authorities are responsible for the care of prisoners by a physician or at a hospital and for the additional security necessary to guard hospitalized prisoners.
In A.G.O. No. 87-493, however, it was the opinion of this office that the sheriff, as warden, has responsibility for providing personnel to keep prisoners in jail.
If the sheriff's office cannot or will not take custody of the arrested person, the arresting agency is responsible for the prisoner's physical custody, subject to reimbursement for expenses by the sheriff.
The factual situation as presented indicated that the sheriff currently rejects custody of arrestees at Charity Hospital when the prison ward of ten beds is fully occupied. This situation may be analogized to other instances of prison overcrowding. Therefore, as in other prison situations, custody remains in the arresting agency with the expenses of incarceration resting with the parish governing authority. However, the expenses for security for these prisoners would rest with the sheriff based on A.G.O. No. 90-17, which said that while prisoners are wards of the parish, the sheriff is warden of the jail and thus, responsible for security of the same.
Your third question addressed the extent of the police department's responsibility until the sheriff takes custody. The law is clear under La.C.Cr.P. art. 228 that the arresting agency is responsible for the custody of the arrestee; it is the duty of the arresting agency to provide adequate security, using whatever means are necessary until custody is accepted by the sheriff. Costs of this security, however, are the responsibility of the sheriff.
Your final question concerning the time at which the sheriff's office becomes responsible for an arrestee was answered in the preceding paragraph. If a hospitalized arrestee is booked in absentia by the police department, the sheriff's office assumes responsibility at the time of booking, subject to the provisions as explained above.
As to your question concerning custodial responsibility when charges are accepted prior to booking, the arresting agency is responsible for custody until the booking is accomplished, which is the predicate event for change of custody. However, as previously explained, booking may take place while an injured arrestee remains hospitalized; after booking, the sheriff assumes custody and responsibility for the arrestee.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/BBR/pa-0108a